IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02150-GPG-CYC

ARTHUR WALKER,

    Plaintiff,

v.

FOREMAN,

    Defendant.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Cyrus Y. Chung, United States Magistrate Judge.**

Plaintiff Arthur Walker brings an Eighth Amendment claim against defendant Foreman, his case manager at the Limon Correctional Facility ("LCF"), alleging that she sexually assaulted him. ECF No. 1 at 4. The defendant challenges that claim under Federal Rule of Civil Procedure 56. ECF No. 58. Because the plaintiff did not properly exhaust his administrative remedies, the Court recommends that the motion be granted. Given that recommendation, the Court also denies the defendant's Motion for Leave to Re-open Discovery for Limited Purpose, ECF No. 49, without prejudice.

## **LEGAL STANDARD**

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc.*, 259 F.3d 1226, 1231–32 (10th Cir.

2001) (quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The moving party has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quotation marks omitted).

If the moving party satisfies its initial burden, the non-moving party "may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* (quotation marks omitted). The specific "facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). Affidavits and testimony "must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1030–31 (10th Cir. 2022) (quotation marks omitted). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## FACTS

The following facts are undisputed and identified by reference to "particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), viewed in the light most favorable to the plaintiff.

The plaintiff, a Colorado Department of Corrections ("CDOC") inmate, filed this lawsuit on August 2, 2024. ECF No. 1. CDOC provides inmates with a three-step written grievance

2

process set forth in Administrative Regulation 850-04 ("AR 850-04"). ECF No. 52-11 at 1–16. AR 850-04 provides that an offender is required to file a grievance on AR Form 850-04A at each of the three steps of the grievance process. *Id*. at 3. When submitting a grievance alleging sexual abuse by their case manager, as alleged here, the inmate is allowed to submit the grievance "to a case manager [ ] other than their own." *Id*.

Each grievance must "clearly state the basis for the grievance and the relief requested." *Id*. at 5. Inmates may not use grievances to seek review of certain issues such as their classification or facility placement, but they may seek modification of policies, assurance that abuse will not recur, and restitution or restoration of property. *Id*. at 1, 4. Each grievance may only address one problem or issue. *Id*. at 4. And substantive issues or remedies may not be added at a later step of the grievance process. *Id*. Instead, "[t]he issue and remedy contained in the original grievance must be incorporated into each subsequent step of the grievance." *Id*. In addition, "[f]ailure to renew each element of the complaint and/or requested relief in subsequent steps will be deemed a waiver of those elements and/or requested remedy." *Id*. After an inmate submits a grievance, grievance coordinators log and scan each grievance, which are assigned a tracking number. *Id*. at 3. "If a grievance is procedurally deficient, the offender will be asked to cure any deficiencies and resubmit for processing. If the procedural error cannot be corrected or if the offender refuses to correct the grievance, then it will be accepted, scanned, and automatically assigned a grievance number and denied on procedural grounds." *Id*. at 2. "Step 3 grievances [are] investigated and answered by the grievance officer." *Id*. at 6. "The grievance officer my deny the grievance on procedural grounds, without addressing the substantive issues, if the grievance is incomplete, inconsistent with a former step, incomprehensible, illegible, requests relief that is not available, fails to request relief, or in any other way fails to comply with

3

[AR 450-04]." *Id*. "When a grievance is denied for a procedural error, the grievance officer will certify in the response that the offender has **not** exhausted the grievance process." *Id*.

Around 5:00 a.m. on April 12, 2024, a grievance form was found in LCF Living Unit 3's mailbag. ECF No. 52-4 at 1. The grievance alleged that the defendant forcibly performed a sexual act on the plaintiff. *Id*. The Shift Commander interviewed the plaintiff and he confirmed his alleged claim. *Id*. That Step 1 grievance does not request a remedy, but states: "civil litigation is imminent." ECF No. 52-3 at 1. On April 16, 2024, the plaintiff received the response to his Step 1 grievance, which "was procedurally denied due to [the plaintiff's] failure to request an allowable remedy under AR 850-04." ECF No. 57-3 ("Griffith Decl.") ¶ 5; ECF No. 52-3 at 1.

On April 16, 2024, the plaintiff submitted a Step 2 grievance regarding his allegations against the defendant. The remedy requested in that grievance was transfer from LCF to "Arrowhead Facility." ECF No. 52-7 at 1. The Step 2 grievance was received by a CDOC employee on April 30, 2025 and responded to on May 1, 2025. *Id*. "This grievance was procedurally denied because [the plaintiff] added a new remedy which was not included in the original grievance (Step 1 form) and because the grievance requested review of, or a new, facility placement, which is an impermissible remedy under AR 850-04." Griffith Decl. ¶ 6. The plaintiff received the denial on May 2, 2024. ECF No. 52-7 at 1.

The next day, the plaintiff submitted his Step 3 grievance regarding the alleged incident with the defendant. ECF No. 52-8. The Step 3 grievance stated that the defendant "will be a add on to civil action 24-cv-01006-SBP" and then reiterated his allegations that the defendant sexually abused the plaintiff on April 11, 2024. ECF No. 52-8 at 1. The grievance requests that the plaintiff be transferred from LCF to "Arrowhead Correctional Facility." *Id.* The Step 3 grievance "was procedurally denied because [the plaintiff] again requested impermissible and

4

inconsistent remedies under AR 850-04" and "failed to satisfactorily request allowable and consistent relief in compliance with AR 850-04 . . . ." Griffith Decl. ¶ 7. Because the plaintiff failed to comply with the grievance procedures of AR 850-04, the denial notes: "you have not exhausted your administrative remedies." ECF No. 52-8 at 1; Griffith Decl. ¶ 7.

## ANALYSIS

The defendant argues that the plaintiff failed to properly exhaust his administrative remedies before bringing this suit against her, ECF No. 58 at 12–13, which asserts that she threatened him and then forcibly performed oral sex on the plaintiff on April 11, 2024. ECF No. 1 at 4. The argument is correct.

The Prison Litigation Reform Act ("PLRA") prohibits any "action" from "be[ing] brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory "for all actions brought with respect to prison conditions." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (quotation marks omitted). This mandate requires inmates to exhaust all available remedies and "those remedies need not meet federal standards, nor must they be plain, speedy, and effective." *Id*. at 524 (quotation marks omitted). One purpose of this requirement is to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id*. at 524–25. In short, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. at 532; *see Darris v. McCall*, No. 12-cv-02685-REB-CBS, 2013 WL 3381273, at *1–2 (D. Colo. July 8, 2013).

Procedurally, "[f]ailure to exhaust under the PLRA is an affirmative defense." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). "When a defendant moves for summary judgment based on an affirmative defense, Rule 56 puts the burden on the defendant to demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Estrada v. Smart*, 107 F.4th 1254, 1261 (10th Cir. 2024) (quotation marks omitted). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id*. (quotation marks omitted). "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id*. (quotation marks omitted).

Here, it is undisputed that AR 450-04 required the plaintiff to file grievances before initiating an action against the defendant and that he did file Step 1, 2, and 3 grievances. *See* ECF Nos. 52-3, 52-7, and 58-8. However, the plaintiff's grievances did not comply with the requirements of AR 850-04 and, as a result, the plaintiff was informed in response to the Step 3 grievance that he had not exhausted his administrative remedies. ECF No. 52-8.

"[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quotation marks omitted); *see also Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient."). Here, it is AR 850-04 that "define[s] the boundaries of proper exhaustion," *Jones*, 549 U.S. at 218, and the plaintiff's grievances did not comply with the policy's requirements. For example, his Step 1 grievance did not request relief at all, instead it threatened to sue the defendant. ECF No. 52-3 at

6

1. His Step 2 and 3 grievances each request transfer to another facility, ECF Nos. 52-3 at 1 52-7 at 1, which AR 850-04 specifically excludes as a possible remedy. ECF No. 52-11 at 4. In addition, the three grievances requested inconsistent remedies. As a result of these deficiencies, the grievances were procedurally denied, which, under AR 850-04(D)(3)(c)(2) is not exhaustion of the grievance process. ECF No. 52-11 at 6; *see Fields*, 511 F.3d at 1112–13 (Teaching that grievances that do not comply with the grievance policy are not properly exhausted and noting that the Court is not "obligat[ed] to examine each of the [C]DOC's denials of [the plaintiff's] grievances to see whether each grievance was in fact flawed . . . ." (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991))).

Given these facts, the defendant has made "a facial showing of failure to exhaust [and] the burden shifts to the inmate to come forward with some evidence to show that he did indeed exhaust the grievance procedure." *Smith v. Shy*, No. 19-cv-02338-PAB-STV, 2022 WL 4112217, at *7 (D. Colo. June 22, 2022) (quotation marks omitted), *recommendation adopted*, 2022 WL 3754728 (D. Colo. Aug. 30, 2022). The plaintiff ignores the defendant's exhaustion argument and his summary-judgment response did not admit or deny the defendant's undisputed facts. *See* ECF No. 60. His "failure to object to an asserted fact on a particular ground forfeits the argument that summary judgment should be denied on that ground." *Butler v. Daimler Trucks N. Am., LLC*, 74 F.4th 1131, 1151 (10th Cir. 2023), meaning that the Court may consider any unchallenged facts the defendant offered to be undisputed for this motion. *See id.*; Fed. R. Civ. P. 56(e)(2). Of course, district courts must construe pro se plaintiffs' pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110), including during summary-judgment proceedings. *Hall*, 935 F.2d at 1110 n.3. But courts "will

not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). And liberally construing pleadings cannot conjure a factual dispute out of thin air. Given that the plaintiff offers no argument or evidence that he exhausted the administrative grievance procedure as to his claim against the defendant, the Court need not hold an evidentiary hearing. *Estrada*, 107 F.4th at 1263.

Instead of addressing the defendant's asserted facts or argument that the plaintiff did not exhaust the administrative grievance process, the plaintiff argues that there are no witnesses who can contradict his version of events and, therefore, summary judgment cannot be granted. *Id*. at 8. But if the plaintiff has not properly exhausted the grievance process, the Court may not address the facts underlying the plaintiff's claim and must instead dismiss the unexhausted claim. The short of it is that the burden is on the plaintiff "to come forward with some evidence to show that he did indeed exhaust the grievance procedure." *Smith*, 2022 WL 4112217 at *7; *Estrada*, 107 F.4th at 1262–63. The plaintiff fails to carry that burden. He therefore failed to exhaust his administrative remedies before filing this lawsuit and his claim must be dismissed. *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012).

## **CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS** granting Defendant's Amended Motion [for] Summary Judgment, ECF No. 58, and dismissing the claim against the defendant without prejudice. *Bond v. Wormuth*, No. 22-5019, 2022 WL 17660542, at *5 (10th Cir. Dec. 14, 2022) (unpublished) (remanding case with instructions to revise summary judgment order to

dismiss claims without prejudice).[1]

Given the Court's recommendation, it is hereby ORDERED that Defendant Foreman's Motion for Leave to Re-open Discovery for Limited Purpose, ECF No. 49, is **DENIED as moot**. If the District Judge does not fully adopt this Recommendation, the defendant may file a renewed request.

Respectfully submitted this 19th day of November, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>